PER CURIAM.
On February 5, 1975, respondent Arthur W. Tifford, a member of The Florida Bar, was suspended from the practice of law by order of this Court. Tifford v. The Florida Bar, 309 So.2d 542 (Fla.1975). The Court ordered the suspension pursuant to Florida Bar Integration Rule, article XI, Rule 11.-07(2), based upon a felony conviction. That conviction was subsequently affirmed on appeal. Tifford v. State, 334 So.2d 91 (Fla. 3d DCA) cert. denied, 344 So.2d 327 (Fla. 1976).
The respondent sought federal habeas corpus relief. On November 30, 1977, the United States District Court, Southern District of Florida, acting upon Tifford’s petition, ordered that “unless the State of Florida grants petitioner a new trial within ninety (90) days of this order, this Court will grant petitioner the Writ of Habeas Corpus.” At the end of the ninety-day period following, the respondent moved for issuance of the writ. The court issued the writ, ordered Tifford released, and absolutely discharged him from his conviction on the ground that his trial was fundamentally unfair. The United States Court of Appeals for the Fifth Circuit affirmed. Tifford v. Wainwright, 588 F.2d 954 (5th Cir.) reh. denied 592 F.2d 233 (5th Cir. 1979).
The fundamental unfairness which tainted the respondent’s trial affected the fact-finding process and the question of guilt or innocence. In such circumstances the issuance of the writ of habeas corpus, having been affirmed on appeal, is the equivalent of an acquittal. Accordingly, the respondent’s suspension should be and is hereby terminated. Fla.Bar Integr.Rule, art. XI, Rule 11.07(2)(c).
It is so ordered.
ENGLAND, C. J., and ADKINS, BOYD and OVERTON, JJ., concur.
ALDERMAN, J., concurs specially with an opinion, with which. BOYD and OVER-TON, JJ., concur.