**OFFICE OF DISCIPLINARY COUNSEL**, Petitioner, v. **JUDD R. SCOTT**, Respondent

NO. 14725

(ODC NO. 2669)

DECEMBER 18, 1990

LUM, C.J., PADGETT, HAYASHI,
WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY PADGETT, J.

The Disciplinary Board (Board) has recommended a 90–day suspension of attorney Judd R. Scott (Respondent). The stipulated facts in this case establish that on March 22, 1989, Respondent Scott voluntarily entered a plea of nolo contendere to an indictment under Hawaii Revised Statutes §§ 705–500 and 329–42(a)(3).

On May 18 Respondent was granted a deferred acceptance of no contest (DANC) plea and placed on a one–year period of

unsupervised probation with the condition that he continue treatment, contribute money to a drug–treatment program and that on the successful completion of the deferral period, he be discharged by the court and the charge dismissed.

The petition herein was filed on November 15, 1989. The hearing committee of the Office of Disciplinary Counsel issued its findings of fact, conclusions of law and recommendation for discipline on May 10, 1990. The Board's report and recommendation for suspension was filed in this court on August 21, 1990. Respondent thereafter filed an opening brief on October 1, 1990 and an answering brief by the Office of Disciplinary Counsel (ODC) was filed November 1, 1990.

Respondent contends that because the circuit court granted him a DANC plea, that no disciplinary proceedings against him should be taken. He also contends that if discipline is imposed, it should be limited to a private or public reprimand.

In support of the first contention, Respondent cites to us *Louisiana State Bar Ass'n v. Reis*, 513 So. 2d 1173 (La. 1987). The Louisiana court in that situation noted that a conditional plea under Louisiana procedure was not to be deemed a conviction. It concluded that an order discharging the appellant was tantamount to an acquittal and held that it would be anomalous to impose discipline under those circumstances.

We cannot agree with the last part of the reasoning. In this case, it is stipulated that the Respondent engaged in criminal conduct which violated the Canons of Ethics. That violation to us appears to be of a quite serious nature. The trial court's acceptance of the DANC plea, and the Respondent's discharge thereunder, are factors which can be considered in mitigation, but certainly do not bar disciplinary proceedings under our rules.

As to Respondent's second point, the hearing committee had recommended a 60–day suspension, the same to be suspended on certain conditions. The Board has recommended to us instead a

suspension of 90 days. Upon a review of the record, it appears to us that a 90–day suspension is appropriate and it is so ordered. Said suspension to be effective 30 days from the entry of this order as provided by Rules of the Supreme Court of the State of Hawaii 2.16(c).

*Michael A. Weight* on the brief for respondent.
*Gerald H. Kibe*, Chief Disciplinary Counsel, for petitioner.