**OFFICE OF DISCIPLINARY COUNSEL**, Petitioner, v. **ROBERT P. GOLDBERG**, Respondent

NO. 14631

FILED JULY 25, 1990

(ODC NO. 2893)

MAY 12, 1992

LUM, C.J., WAKATSUKI, MOON, KLEIN, AND LEVINSON, JJ.

*Per Curiam.* Respondent Robert P. Goldberg moves to vacate this court's order restraining him from the practice of law, entered pursuant to Rule 2.13(a) of the Rules of the Supreme Court of the State of Hawaii (RSCH).

We deny the motion.

### ISSUE

At issue here is whether a belated circuit court conditional discharge order, entered pursuant to § 712–1255 of the Hawaii Revised Statutes (HRS), is a reversal of a criminal conviction for purposes of RSCH 2.13.

## FACTS

A jury convicted Respondent Goldberg of three Class C felony offenses of promoting a dangerous drug in the third degree, HRS § 712–1243. On July 13, 1990 Respondent Goldberg was sentenced to five years of probation with conditions.

On July 17, 1990, while Respondent Goldberg's appeal was pending, the Office of Disciplinary Counsel (ODC) moved, under RSCH 2.13(a),[1] to immediately restrain Respondent Goldberg from the practice of law, because he had been convicted of the felonies. On July 25, 1990 we issued the restraint order, from which Respondent Goldberg seeks relief. The order also referred the matter to the Disciplinary Board for the institution of formal proceedings, as provided by RSCH 2.13(a) and (c).

On November 15, 1991 we affirmed Respondent Goldberg's convictions by memorandum opinion filed in appeal number 14657.

On January 29, 1992 Respondent Goldberg moved the circuit court to reconsider or correct his sentence and for conditional discharge under HRS § 712–1255 which provides, in part:

> (1) Whenever any person who has not previously been convicted of any offense under this chapter . . . is found guilty of promoting a dangerous drug . . . under section 712–1243 . . . the court, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions. Upon violation of a term or condition, the

---

[1] RSCH 2.13(a) provides, in relevant part:

(a) Upon the filing with [the supreme] court of a certificate of a clerk of court demonstrating . . . an attorney has been convicted . . . of a crime which is . . . a felony . . . this court shall enter an order immediately restraining the attorney from engaging in the practice of law . . . pending final disposition of a disciplinary proceeding to be commenced upon such conviction.

court may enter an adjudication of guilt and proceed as otherwise provided.

HRS § 712–1255(1) (Supp. 1991). The circuit court granted Respondent Goldberg's motion on March 2, 1992. On March 4, 1992 the circuit court entered an order placing Respondent Goldberg on probation for five years with conditions, pursuant to HRS § 712–1255, "without entering a judgment of guilt[.]" [2]

On March 19, 1992 Respondent Goldberg moved to vacate the supreme court's July 25, 1990 order restraining him from the practice of law.

## ARGUMENTS

Respondent Goldberg argues RSCH 2.13(d) requires vacation of our restraint order because "the conviction which was the basis for the ODC's petition . . . no longer exists." Citing mainly to *Louisiana State Bar Association v. Reis*, 513 So. 2d 1173 (La. 1987), Respondent Goldberg opines the circuit court's order granting his motion for reconsideration or correction of sentence and condi-

---

[2] A review of the post–judgment proceeding in which the circuit court granted Respondent Goldberg's motion for reconsideration or correction of sentence and conditional discharge is not before this court. It appears Respondent Goldberg's motion may not have been timely. Although Rule 35 of the Hawaii Rules of Penal Procedure allows motions for correction or reduction of sentence to be made within 90 days after affirmance of the judgment, HRS § 712–1255(1) appears to require so–called conditional discharge motions to be brought before entry of judgment, not after conviction, sentencing, and an unsuccessful appeal. *Cf. State v. Bikle*, 60 Haw. 576, 592 P.2d 832 (1979) (An HRS § 712–1255 order was classified as an interlocutory order from which the State could not appeal where the circuit court "granted a conditional discharge . . . after a jury–waived trial in which the court found [the defendant] guilty on four counts of possession of different drugs" and "the [HRS § 712–1255] probation order precede[d] the entry of the judgment which adjudicate[d] guilt."); and *State v. Stachler*, 58 Haw. 412, 570 P.2d 1323 (1977) (The conditional discharge procedures provided by HRS § 712–1255 are available to any person who pleads guilty or is found guilty of certain drug offenses and such procedures are not foreclosed by a not guilty plea followed by a trial and a finding of guilt.)

tional discharge is "tantamount to reversal" of the criminal convictions.

ODC asserts "it has no opposition" to Respondent Goldberg's motion to vacate our restraint order because "[t]he Circuit Court's . . . Order apparently vacated Respondent's conviction, granted him a conditional discharge, and, without entering a judgment of guilt, deferred further proceedings and placed Respondent on probation for five (5) years."

## DISCUSSION

The plain language of RSCH 2.13(d) requires us to vacate a restraint order when the criminal conviction upon which it is based has been reversed.[3]

In *Reis*, the Supreme Court of Louisiana considered whether to impose discipline because, *inter alia*, the respondent attorney had possessed cocaine. Under a statute similar to HRS § 712–1255 Respondent Reis conditionally pled to criminal charges, the plea was accepted, and probation was imposed. Respondent Reis completed his probationary term, the probation terminated, Respondent Reis was discharged, and the criminal proceeding against Respondent Reis was dismissed. The Louisiana disciplinary action was started after Reis' probationary term ended. The relevant issue in *Reis* was whether the Louisiana court would "look

---

[3] RSCH 2.13(d) provides:

(d) Immediately upon the filing with this court of a certificate demonstrating that the underlying conviction for a crime has been reversed, any order entered under the provisions of (a) above restraining the attorney from the practice of law shall be vacated, any formal proceeding then pending against the attorney found solely upon such conviction shall be terminated and any discipline imposed in any such formal proceeding shall be vacated, but the reversal of the conviction shall not terminate or affect any formal proceeding previously or thereafter instituted founded upon alleged misconduct by the attorney, whether or not involving the same facts alleged to constitute the crime or offense of which the attorney was convicted.

past the proceeding . . . and punish [Reis] although he stands acquitted." *Reis*, 513 So. 2d at 1176. In *Office of Disciplinary Counsel v. Scott*, 71 Haw. 647, 803 P.2d 198 (1990), we disagreed with the Louisiana Supreme Court's conclusion that it would be anomalous to impose discipline in the circumstances presented there.

The issue presented by Respondent Goldberg's motion is not whether discipline should be imposed based upon criminal conduct for which a judgment of guilt has not been entered.[4] This is not a case in which a judgment of guilt was not entered, as anticipated by HRS § 712–1255, and we will not pretend it is. Unlike *Reis*, an adjudication of guilt was entered against Respondent Goldberg, Respondent Goldberg's conviction was affirmed on appeal, and Respondent Goldberg has not completed the probationary term imposed by the conditional discharge order. When ODC moved to restrain Respondent Goldberg from the practice of law he stood convicted of three class C felonies. Respondent Goldberg's convictions were not reversed. Respondent Goldberg's convictions were affirmed. Respondent Goldberg's motion for reconsideration of his sentence and treatment under HRS § 712–1255 could not result in a reversal of the convictions for purposes of RSCH 2.13(d), because "[f]or purposes of [RSCH 2.13], a judgment of conviction is deemed final when the availability of appeal has been exhausted and the time for filing a petition for certiorari in the United States Supreme Court on direct review of the judgment of conviction has elapsed and no petition has been filed, or if filed the petition has been denied or the judgment of

---

[4] Restraint under Rule 2.13(a) is temporary, "pending final disposition of a disciplinary proceeding to be commenced upon . . . conviction." *See* RSCH 2.13(a) and (c). We have not been notified of the disposition of the disciplinary proceeding which should have been commenced after the conviction became final or which could have been commenced based upon Respondent's conduct. *See* RSCH 2.13(c) and (d).

conviction has been affirmed." RSCH 2.13(b). For purposes of RSCH 2.13, Respondent Goldberg's conviction became final when, after our opinion and judgment were entered in the criminal appeal, the time for further review had passed. *Cf. State v. Lincoln,* 72 Haw. 480, 825 P.2d 64 (1992), *petition for cert. filed* (May 6, 1992) (No. 91–8520) (circuit courts have no authority to review the decisions of this court).

At this stage of the proceedings, we need not determine the collateral effects of the circuit court's conditional discharge order if Respondent Goldberg successfully completes the term of his probation. A criminal defendant must be discharged and the proceedings dismissed before the criminal defendant reaps the benefits of HRS § 712–1255. HRS § 712–1255(3).[5] Respondent Goldberg has not been discharged, and the criminal proceedings will not be dismissed until he has fulfilled the terms and conditions of the probation. HRS § 712–1255(2).[6] *Cf. In re Weisensee,* 296 N.W.2d 717, 721 (S.D. 1980), *cert. denied,* 450 U.S. 1032 (1981) (Insulation from "institution of disciplinary proceedings" was not among the "disqualifications and disabilities . . . released by an order of discharge and dismissal" in the criminal case) with *The Florida Bar v. Tifford,* 373 So. 2d 919 (Fla. 1979) (attorney's absolute discharge from felony conviction warranted termination of suspension based on the conviction).

---

[5] HRS § 712–1255(3) (1985) provides:

(3) Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime.

[6] HRS § 712–1255(2) (1985) provides:

(2) Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him.

## CONCLUSION

The single issue presented to this court by Respondent Goldberg's motion to vacate our restraining order is whether the circuit court's order granting Respondent Goldberg's belated motion for conditional discharge under HRS § 712–1255 is tantamount to reversal of his convictions for purposes of RSCH 2.13(d). We hold that an order granting a belated motion for reconsideration or correction of sentence and conditional discharge under HRS § 712–1255 is not a reversal of a criminal conviction for purposes of RSCH 2.13. Therefore,

IT IS HEREBY ORDERED that Respondent Robert P. Goldberg's motion to vacate our July 25, 1990 order restraining him from the practice of law and referring the matter to the Disciplinary Board for formal proceedings is denied.

*Carole R. Richelieu*, Assistant Disciplinary Counsel, for Petitioner.

*Roy J. Bell, III* (of Weinberg & Bell), attorney for Respondent Robert P. Goldberg.