# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
DAVID L. SPECKMAN, BAR NO. 13254.

No. 71955

**FILED**

JAN 12 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF REFERRAL TO DISCIPLINARY BOARD

This is a petition under SCR 111 concerning attorney David Speckman, based on a conviction for disorderly conduct, a misdemeanor. Speckman self-reported the conviction to the State Bar as required by SCR 111(2). Because the conviction is not for a "serious crime" as defined in SCR 111(6), temporary suspension and referral for disciplinary proceedings are not mandatory. SCR 111(7), (8). Having considered the petition and supporting documentation, we conclude that Speckman's conviction is for a minor offense that does not warrant the imposition of a temporary suspension at this time. *See* SCR 111(9). We are concerned, however, that the conduct alleged in the original charging document, which involved elements of fraud and false representations, could support a violation of RPC 8.4(b) (commission of a criminal act that reflects adversely on honesty, trustworthiness, or fitness as a lawyer) and/or RPC 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation).[1]

---

[1]We express no opinion as to whether any such violation can be established by clear and convincing evidence, but we note that disposition on a lesser charge based on a nolo contendere plea is not an obstacle to imposing discipline for conduct that violates RPC 8.4(b) or (c) and that a

*continued on next page . . .*

SUPREME COURT
OF
NEVADA

(O) 1947A

17-1286

Accordingly, we refer this matter to the Southern Nevada Disciplinary Board for any action it may deem warranted. *See* SCR 111(9).[2]

It is so ORDERED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:   Chair, Southern Nevada Disciplinary Board
       C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
       David L. Speckman
       Kimberly K. Farmer, Executive Director, State Bar of Nevada

---

*. . . continued*

conviction also is not required to impose discipline for conduct that violates RPC 8.4(b) or (c). *See, e.g., Office of Disciplinary Counsel v. Scott,* 803 P.2d 198, 199 (Haw. 1990) (concluding that court's deferred acceptance of no contest plea and lawyer's discharge under that plea are factors that can be considered in mitigation of criminal conduct that violated ethics canons but "certainly do not bar disciplinary proceedings under our rules"). *See generally* 2 Geoffrey C. Hazard, Jr. et al., *The Law of Lawyering* § 69.04, at 69-13 to -14 (4th ed. 2016) (observing that "Rule 8.4(b) refers to commission of a criminal *act*, not to conviction of a crime" and therefore "acquittal, or dismissal of a criminal charge, does not preclude a disciplinary sanction based on the same conduct, except perhaps where an acquittal is unequivocally a resolution of the critical facts favorably to the lawyer" and that "[e]ven more clearly, disposition upon a plea of *nolo contendere* should not be a bar to disciplinary action").

[2]This order constitutes our final disposition of this matter. Any further proceedings involving Speckman shall be docketed as a new matter.