719 P.2d 807

**STATE of New Mexico, Petitioner,**

v.

**Robert Earl DAVIS, Respondent.**

No. 15976.

Supreme Court of New Mexico.

May 6, 1986.

Paul G. Bardacke, Atty. Gen., Charles D. Noland, Asst. Atty. Gen., Santa Fe, for petitioner.

Thomas J. Horne, Albuquerque, for respondent.

**OPINION**

FEDERICI, Justice.

Respondent Robert Earl Davis (respondent) is serving multiple prison terms for approximately fifty felony convictions. At issue here is the enhancement of a deferred sentence he received after being convicted for supplying the gun that enabled Thomas Wayne Crump to escape from the Torrance County Jail on June 17, 1982.

A Torrance County District Court jury convicted the respondent in 1983 of possession of a deadly weapon by a prisoner, a third-degree felony. The trial court deferred sentence and placed him on three years' probation. He appealed. The Court of Appeals summarily affirmed the conviction, and this Court denied certiorari.

After remand, the State proceeded on a previously filed supplemental information charging respondent with being a habitual offender. After extensive hearings, the district court found that respondent was a third-time felony offender, and accordingly added four years of imprisonment to the previously deferred sentence pursuant to NMSA 1978, Section 31-18-17(C) (Cum. Supp.1985).

Respondent again appealed to the Court of Appeals attacking (1) the validity of one of the prior convictions, and (2) the enhancement sentence. The Court of Appeals panel unanimously held that the prior conviction was valid, but was divided two-to-one on the question of whether a deferred sentence could subsequently be enhanced under the habitual offender statute, a majority holding that it could not. 104 N.M. 237, 719 P.2d 815 (1985). The majority reasoned that no sentence exists when sentencing has been deferred, so that there is no "basic sentence" to be enhanced under Section 31-18-17. Respondent filed with this Court a writ of certiorari, which was granted. We affirm the Court of Appeals on the issue of the validity of the prior conviction. We reverse the Court of Appeals on the issue of enhancement.

The issue is whether a criminal sentence that was originally deferred may be en-

hanced in a later habitual offender proceeding under Section 31–18–17. We hold that it can.

Section 31–18–17(C) (emphasis added) provides:

> C. Any person *convicted* of a noncapital felony in this state whether within the Criminal Code or the Controlled Substances Act or not who has incurred two prior felony convictions which were parts of separate transactions or occurrences is a habitual offender and his basic sentence shall be increased by four years, and the sentence imposed by this subsection shall not be suspended or deferred.

As originally passed within the comprehensive Criminal Sentencing Act in 1977, the present habitual offender enhancement statute was silent on the possibility of suspending or deferring a sentence. 1977 N.M. Laws, ch. 216, § 6. That silence was characterized as having left a "loophole * * which allows recidivists to escape imprisonment." Note, 9 N.M.L.Rev. 131, 140 (1978). The Legislature moved to close that loophole by amending Section 31–18–17 at its next sixty-day general session. 1979 N.M. Laws, ch. 158, § 1.

The 1979 amendment doubled the enhancements for third-time and fourth-time offenders, from two to four years and four to eight years, respectively, and added the following phrase at the end of each enhancement subsection: "and the sentence imposed by this subsection shall not be suspended or deferred." *Id.* Thus, the Legislature both increased the punishment for multiple offenders and evinced a clear intent that they must be made to serve at least the enhancement portion of their sentences.

It is proper to note the history and background of legislation in determining legislative intent. *Methola v. County of Eddy,* 95 N.M. 329, 622 P.2d 234 (1980). In *State v. Nance,* 77 N.M. 39, 45–46, 419 P.2d 242, 246–247 (1966), *cert. denied,* 386 U.S. 1039, 87 S.Ct. 1995, 18 L.Ed.2d 605 (1967) this Court stated:

> We are committed to an acceptance of the intent of the language employed by the legislature rather than the precise definition of the words themselves. * * *. And, in construing a statute, the legislative intent must be given effect by adopting a construction which will not render the statute's application absurd or unreasonable. * * *. Not only must the legislative intent be given effect, but the court will not be bound by a literal interpretation of the words if such strict interpretation would defeat the intended object of the legislature.

■ The provisions of the Habitual Offender Act are mandatory. *State v. Lujan,* 90 N.M. 103, 560 P.2d 167 (1977); *State v. Santillanes,* 98 N.M. 448, 649 P.2d 516 (Ct.App.1982). The district attorney has an affirmative duty to prosecute habitual offenders. NMSA 1978, § 31–18–19 (Repl.Pamp.1981); *Santillanes.* And the court has an affirmative duty to impose the appropriate level of sentence enhancement once the factual issues of identity and prior convictions are resolved against the respondent. NMSA 1978, § 31–18–20(C) (Cum. Supp.1985); *Lujan.*

Furthermore, the language of the Habitual Offender Act, Section 31–18–17, provides that for the purposes of that section, a "prior felony conviction" is defined as "a *conviction* for a prior felony committed within New Mexico." (Emphasis added.) The Act provides for enhancement of the basic sentence for "[a]ny person *convicted* of a noncapital felony in this state * * * who has incurred three or more *prior felony convictions* * * *." (Emphasis added.) For purposes of enhancement *"conviction"* is the polestar, not the sentence imposed. Respondent has three felony convictions. He is a habitual offender.

The Court of Appeals is reversed on the issue of the enhancement conviction. The Court of Appeals is affirmed on the issue of prior conviction.

IT IS SO ORDERED.

RIORDAN, C.J., SOSA, Senior Justice, and STOWERS and WALTERS, JJ., concur.