1999-NMCA-014

974 P.2d 177

**STATE of New Mexico, Plaintiff–
Appellant,**

v.

**Bart HERBSTMAN, Defendant–Appellee.**

**No. 18852.**

Court of Appeals of New Mexico.

Dec. 23, 1998.

Tom Udall, Attorney General, Arthur W. Pepin, Assistant Attorney General, Santa Fe, for Appellant.

Dan Cron, Rothstein, Donatelli, Hughes, Dahlstrom, Cron & Schoenburg, LLP, Santa Fe, for Appellee.

John F. Klein–Robbenhaar, New Mexico Criminal Defense Lawyers Association, Albuquerque, Amicus Curiae.

## OPINION

PICKARD, J.

{1} The State appeals from the trial court's amended order of conditional discharge accepting Defendant's guilty plea and placing him on probation without entering an adjudication of guilt pursuant to NMSA 1978, § 31–20–13 (1994) (conditional discharge statute). The State raises two issues on appeal: (1) whether the trial court erred in modifying Defendant's sentence to a conditional discharge after having already entered a deferred sentence and (2) whether the trial court erred in failing to require Defendant to register as a sex offender pursuant to the Sex Offender Registration Act, NMSA 1978, §§ 29–11A–1 to –8 (1995). For the reasons discussed below, we affirm the trial court's modification of sentence from a deferred sentence to a conditional discharge and also affirm the trial court's determination that Defendant is not required to register as a sex offender.

### FACTS AND PROCEDURAL HISTORY

{2} In 1995, Defendant moved from California to Santa Fe and held himself out to the public as a hypnotherapist. In mid-July of 1996, Defendant began hypnotherapy sessions with Victim. Between then and August 26, 1996, Victim and Defendant met for six therapy sessions. On at least one occasion between August 16 and August 29, 1996, Victim and Defendant had dinner together and engaged in sexual intercourse after a therapy section had concluded.

{3} On April 30, 1997, Defendant pled guilty to one count of criminal sexual penetration in the third degree through "force or coercion," contrary to NMSA 1978, § 30–9–11(E) (1995). *See also* NMSA 1978, § 30–9–10(A)(5) & (F)(10) (1993) (defining psychotherapist as including hypnotherapist and defining "force or coercion" to include any sexual penetration or contact between psychotherapist and patient, with or without consent, during the therapeutic relationship or within one year thereafter). After the plea was taken, the trial court proceeded to sentencing. After listening to statements from Victim and from other interested persons on behalf of the State and Defendant, the trial court postponed sentencing for a period of thirty days, increased bond to the amount of $100,000, and remanded Defendant to the county jail for the thirty-day period. In addition, the trial court stated that, unless either party requested a hearing, he would sentence Defendant to a three-year deferred sentence after the thirty days in custody were completed.

{4} After the sentencing hearing, the trial court discussed with the parties, off the record, whether Defendant's deferred sentence would require him to register as a sex offender pursuant to the Sex Offender Registration Act. The trial court directed the parties to research the issue and get back to him. On May 29, 1997, another off-the-record meeting was held at which the trial court determined that Defendant's deferred sentence did require him to register as a sex offender.

{5} On June 11, 1997, Defendant filed a motion for modification of sentence from a deferred sentence to a conditional discharge pursuant to Rule 5–801(B) NMRA 1998. It was Defendant's intent in filing the motion to remove himself from the requirement that he register as a sex offender. On the same day, the State filed its response to Defendant's motion to modify sentence. On June 17,

1997, the trial court signed and filed a judgment and order deferring sentence. Due to the trial court's application of First Judicial District Local Rule LR1–306(G), requiring motions and responses to be delivered in a "package" to the court after the time for responsive pleadings has expired, Defendant's motion for modification of sentence was not before the trial court for determination until June 30, 1997. A cover letter on the motion package requested that the trial court make a decision by July 3, 1997. At the time the package was delivered, the trial judge was in another county conducting a jury trial. On July 7, 1997, Defendant's counsel appeared in the trial judge's office to inquire as to whether or not the motion was to be granted. The trial judge informed Defendant that the motion would be granted and directed counsel for Defendant to inform the State to prepare a conditional discharge order. On July 21, 1997, the trial judge signed an order granting Defendant's motion for modification of sentence, ordering the judgment of June 17 withdrawn, and directing the State to prepare a conditional discharge order. For unknown reasons, this order was not filed in the record proper and was apparently lost.

{6} On August 19, 1997, a hearing was held to determine whether the conditional discharge order would require Defendant to register as a sex offender under Section 29–11A–4, and whether the trial court would have to include notice of the requirement to register in the order under Section 29–11A–7. After listening to arguments from the parties, the trial court determined that a conditional discharge is not an "adjudication of guilt" under Section 29–11A–7 requiring Defendant to be given notice of a duty to register as a sex offender. The trial court further determined that a conditional discharge is not a "conviction" under Section 29–11A–4 and instructed that language be placed in the conditional discharge order that Defendant was not required to register as a sex offender.

{7} The conditional discharge order was signed and filed on September 15, 1997. The State filed its notice of appeal on September 23, 1997. On October 6, 1997, it was brought to the attention of the trial court that the order granting the modification of sentence and withdrawing the deferred sentence, that had been signed by the trial court and sent for filing on July 21, 1997, had never been placed in the court file. The trial court immediately signed an order and entered it nunc pro tunc. The order granted the motion for modification of sentence and withdrew the judgment and order deferring sentence. The nunc pro tunc order contained the same decretal paragraphs as the lost July 21 order. The only addition to the July 21 order was a paragraph making the October 6 order effective on July 11(sic), 1997.

## I. THE TRIAL COURT DID NOT ERR IN ENTERING A CONDITIONAL DISCHARGE ORDER IN PLACE OF A DEFERRED SENTENCE.

{8} We first address the State's contention that the trial court did not have authority to modify Defendant's sentence under Rule 5–801(B) and enter a conditional discharge order after having already entered a deferred sentence in this case. Though this issue was never raised to the trial court, the time for filing and deciding modifications of sentence under Section 5–801(B) are jurisdictional. *See Hayes v. State,* 106 N.M. 806, 808, 751 P.2d 186, 188 (1988). As long as the trial court has jurisdiction under Rule 5–801(B), it is within the trial court's discretion whether to modify a valid sentence. *See Hayes,* 106 N.M. at 808, 751 P.2d at 188. The trial court acts outside of its jurisdiction, however, if it modifies a sentence in a manner unauthorized by Rule 5–801(B). *See State v. Guzman,* 102 N.M. 558, 559, 698 P.2d 428, 429 (1985) (decided under former version of rule). The trial court's lack of jurisdiction may be raised at any time, including for the first time on appeal. *See State v. Bachicha,* 111 N.M. 601, 605, 808 P.2d 51, 55 (Ct.App. 1991).

{9} Section 5–801(B) reads as follows:

A motion to reduce a sentence may be filed within ninety (90) days after the sentence is imposed, or within ninety (90) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within ninety (90)

days after entry of any order or judgment of the appellate court denying review of, or having the effect of upholding, a judgment of conviction. A motion to reduce a sentence may also be filed upon revocation of probation as provided by law. Changing a sentence from a sentence of incarceration to a sentence of probation shall constitute a permissible reduction of sentence under this paragraph. The court shall determine the motion within ninety (90) days after the date it is filed or the motion is deemed to be denied.

{10} The State argues that the trial court was without jurisdiction to withdraw the deferred sentence and enter the conditional discharge order because (1) modifying a deferred sentence to a conditional discharge order was outside of the trial court's authority under Section 5–801(B); (2) the trial court's nunc pro tunc order of October 6, 1997, was ineffective to withdraw the deferred sentence on July 11, 1997, because (a) under Section 5–801(B) the ninety days had already expired for the trial court to modify the sentence and (b) the trial court was without jurisdiction to enter any order because it lost jurisdiction when the State filed its notice of appeal on September 23, 1997; and (3) the conditional discharge order was filed on September 15, 1997, ninety-eight days after the June 11, 1997, motion for modification of sentence was filed, and therefore the trial court lost jurisdiction as a matter of law ninety days after the date of filing.

■ {11} The first argument that we address—the State's contention that a modification of sentence from a deferred sentence to a conditional discharge is not an authorized sentence reduction under Rule 5–801(B). The State's argument is based on the premise that the trial court is not changing the terms of probation or the time on probation, and therefore the modification does not reduce the sentence. Based upon the differences between a conditional discharge under Section 31–20–13 and a deferred sentence under NMSA 1978, § 31–20–3 (1985), and the fact that the State cites no authority in support of its position, we do not find this argument persuasive. The legislature enacted the conditional discharge statute as an alternative to a suspended or deferred sentence. See Michaels v. Anglo Am. Auto Auctions, Inc., 117 N.M. 91, 94, 869 P.2d 279, 282 (1994) (in enacting statutes, we assume the legislature is well informed as to the existing statutory and common law, and that it does not intend to enact useless statutes). Based upon the plain language of Section 31–20–13, a conditional discharge order is entered without entry of an adjudication of guilt. See State v. Ogden, 118 N.M. 234, 242, 880 P.2d 845, 853 (1994) (the principal command of statutory construction is that the court should determine and effectuate the intent of the legislature using the plain language of the statute as the primary indicator of legislative intent). A deferred sentence is entered with an entry of adjudication of guilt, but does not necessarily subject the defendant to criminal consequences. See generally State v. Kenneman, 98 N.M. 794, 796–97, 653 P.2d 170, 172–73 (Ct.App.1982). Based upon this difference in the effect of the two statutes, a conditional discharge is a permissible reduction of sentence under Rule 5–801(B).

{12} With regard to the State's remaining arguments, we note that they do not comport with the procedural history below. Though the procedural history is confusing, Defendant filed a motion for correction or modification of the record proper in this Court pursuant to Rule 12–209(C) NMRA 1998, to include the July 21, 1997, order granting the modification of sentence that had never reached the trial court file and which was the target of the nunc pro tunc order of October 6, 1997. Defendant's motion included an affidavit from the trial judge explaining what had occurred below regarding the lost order and the parties' discussions with the trial court off the record. We granted Defendant's motion in this Court to correct the record proper and accepted the trial judge's recollection of events as set forth in his affidavit. We therefore accept that the trial court had signed, and sent to the trial court clerk for filing, the order granting modification of sentence on July 21, 1997. As we accept the trial court's filing of the modification of sentence and withdrawal of the deferred sentence on July 21, 1997, we

determine that the trial court's decision to modify Defendant's sentence was clearly made within the ninety-day jurisdiction of the court. It is therefore not necessary for us to determine whether the State's argument regarding the September 15, 1997, written conditional discharge order was filed outside of the ninety-day jurisdictional limit.

{13} With regard to the State's argument that the October 6 order was an improper nunc pro tunc order and entered at the time the trial court lacked jurisdiction due to the State's filing of a notice of appeal, we merely note that these arguments were made before this Court granted Defendant's motion to supplement the record, which we granted after the State filed its brief in chief. The granting of the motion, in effect, accomplished two purposes. First, it established without question that the trial court had in fact withdrawn the deferred sentence and granted Defendant's motion in a timely fashion in July. Thus, the nunc pro tunc order did not improperly seek to do something that was omitted earlier. Rather, it properly made the record reflect what actually happened. *See State v. Conway*, 106 N.M. 260, 261, 741 P.2d 1381, 1382 (1987).

{14} Second, although the trial court may have technically been without jurisdiction when it entered its nunc pro tunc order in October, we see no purpose that would be served in remanding this case to the trial court in order to grant the trial court jurisdiction to do what we know it will do because it has in fact done it. *Cf. Peterson v. Peterson*, 98 N.M. 744, 746, 652 P.2d 1195, 1197 (1982) (holding that although there was technical error in the timing of the trial court's entry of orders, little would be accomplished, other than incurring additional delay and expense, in remanding the case for the trial court to enter its rulings in proper order). Because we have the power to enter remand orders to revest jurisdiction in the trial court so that it may take action notwithstanding the filing of the notice of appeal, *see, e.g., State v. Porras*, 1999–NMCA–016, ¶ 5, 126 N.M. 628, 973 P.2d 880, we deem our grant of the motion to supplement the record in effect to have established the existence of sufficient jurisdiction in the trial court to enter the nunc pro tunc order.

{15} We therefore conclude that the entry of a conditional discharge order after the entry of a deferred sentence is a permissible sentence reduction under Rule 5–801(B). We further conclude that the trial court had jurisdiction to rule on Defendant's motion to modify the sentence, and therefore the entry of a conditional discharge order in this case was not error. We finally note that, because of the loss of the July 21 order, the State's notice of appeal from the only written order in the file is timely and allows us to consider its appeal.

II. *THE TRIAL COURT DID NOT ERR IN ORDERING THAT DEFENDANT'S CONDITIONAL DISCHARGE DID NOT REQUIRE HIM TO REGISTER AS A SEX OFFENDER.*

{16} We next address the State's contention that the trial court erred by not requiring Defendant to register as a sex offender pursuant to the Sex Offender Registration Act. Interpreting the relevant statutes is a question of law, which we review de novo. *See State v. Rowell*, 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995).

{17} The State argues that Defendant was "adjudicated guilty" and "convicted" as defined in the Sex Offender Registration Act when he pled guilty and his plea was accepted by the trial court. Therefore, it is the State's position that the trial court's decision to include language affirmatively stating that Defendant did not have to register as a sex offender is not authorized by law. *See State v. Mares*, 119 N.M. 48, 51, 888 P.2d 930, 933 (1994) (an aspect of a sentence that is not authorized by law is null and void). In support of its argument, the State cites several cases in which it has been held that a Defendant is "adjudicated guilty" and "convicted" at the time of the plea, regardless of the sentence imposed. *See, e.g., State v. Davis*, 104 N.M. 229, 230, 719 P.2d 807, 808 (1986) (for purposes of enhancement using a prior deferred sentence, conviction is the polestar, not the sentence imposed); *Padilla v. State*, 90 N.M. 664, 666, 568 P.2d 190, 192 (1977)

(upon dismissal of the charges pursuant to a deferred sentence, there still has been a conviction since conviction refers to a finding of guilt and does not include the imposition of a sentence); *State v. Larranaga*, 77 N.M. 528, 529, 424 P.2d 804, 805 (1967) (a "conviction" arises from an admission of guilt, or a court or jury determination of guilt); *State v. Mondragon*, 107 N.M. 421, 424, 759 P.2d 1003, 1006 (Ct.App.1988) (giving the term conviction its ordinary meaning, New Mexico defines conviction as the finding of guilt even before the formal adjudication by the court, much less before sentencing). Though it is true that New Mexico ordinarily defines "conviction" as a finding of guilt regardless of the sentence imposed, it is important to note that all of the State's cited cases can be distinguished from Defendant's case in that they are all decided in the context of habitual offender enhancement; they all refer to deferred sentences, suspended sentences, or sentences of incarceration; and they were decided before the legislature enacted the conditional discharge statute in 1993.

A. *The Trial Court Is Not Required to Include Notice in a Conditional Discharge Order of a Duty to Register as a Sex Offender.*

■ {18} We next examine whether the trial court was required to give notice to Defendant of a duty to register under Section 29–11A–7 in the amended order of conditional discharge. In interpreting statutes, "we seek to give effect to the legislature's intent, and in determining intent we look to the language used and consider the statute's history and background." *Key v. Chrysler Motors Corp.*, 1996–NMSC–038, 121 N.M. 764, 768–69, 918 P.2d 350, 354–55. We presume the legislature was informed as to existing law and did not intend to enact a law inconsistent with other law. *See Quintana v. New Mexico Dep't of Corrections*, 100 N.M. 224, 227, 668 P.2d 1101, 1104 (1983). Whenever possible, we must read different legislative enactments as harmonious, instead of contradicting one another. *Luboyeski v. Hill*, 117 N.M. 380, 384, 872 P.2d 353, 357 (1994). The plain language of the conditional discharge statute states that the court "may, *without entering an adjudication of guilt*,

enter a conditional discharge order and place the person on probation ...." Section 31–20–13 (emphasis added). This language is, for practical purposes, identical language to the language of Section 29–11A–7(A), which requires persons "adjudicated guilty" to be notified of the duty to register as a sex offender in the judgment and sentence.

{19} The conditional discharge statute was enacted in 1993, and the Sex Offender Registration Act was enacted afterwards in 1995. Interpreting these statutes as a harmonious whole, and assuming the legislature did not intend to enact laws inconsistent with other laws, we assume the legislature knew of the conditional discharge statute and its terms when it enacted the Sex Offender Registration Act. We therefore conclude that the legislature did not intend to require the trial court to give notice to those granted a conditional discharge of a requirement to register as a sex offender. The trial court was correct in its determination that notice requiring Defendant to register as a sex offender did not need to be placed in the conditional discharge order.

B. *The Trial Court Properly Determined that Defendant Is Not Required to Register as a Sex Offender.*

■ {20} We next address the propriety of the trial court placing affirmative language in the conditional discharge order stating that Defendant was not required to register as a sex offender. In 1993, at the same time and in the same act in which the legislature enacted the conditional discharge statute, it amended the habitual offender statute, NMSA 1978, § 31–18–17 (1993), to specifically include conditional discharge orders as usable for habitual offender sentence enhancement purposes, as well as prior "convictions." 1993 N.M. Laws, ch. 283, §§ 1–2; *see also State v. Handa*, 120 N.M. 38, 45, 897 P.2d 225, 232 (Ct.App.1995) (prior to the 1993 amendment to Section 31–18–17, a conditional discharge was not an enumerated type of "prior conviction" for enhancement purposes). We will reject an interpretation of a statute that makes parts of it mere surplusage or meaningless. *See Montoya v. Mentor Corp.*, 1996–NMCA–067, ¶ 19, 122 N.M. 2,

919 P.2d 410. If the legislature intended a person who received a conditional discharge to be "convicted," there would be no need for the language·used in amending the habitual offender statute. It also follows that the legislature did not intend to enact a meaningless law when it enacted the conditional discharge statute. *See id.* If we were to follow the State's argument that a person was deemed "adjudicated guilty" and "convicted" when that person was granted a conditional discharge, there would be no difference between the conditional discharge statute and the statute that authorizes a deferred sentence. This Court will not render a legislative enactment meaningless. *See id.* Therefore, we conclude that a person granted a conditional discharge under Section 31–20–13 is not required to register as a sex offender.

■ {21} This conclusion is consistent with other rules of statutory construction. The legislature used the term "adjudicated guilty" in Section 29–11A–7 in defining when a person needs to be given notice of the duty to register as a sex offender, and used the term "convicted" in Section 29–11A–4 in defining who is required to register as a sex offender. We will interpret statutes in order to avoid absurd or unreasonable results. *See State v. Padilla,* 1997–NMSC–022, ¶ 6, 123 N.M. 216, 937 P.2d 492. It would be unreasonable to assume that the legislature intended notice of a duty to register under Section 29–11A–7 to be given to a person who was not required to register under Section 29–11A–4. Conversely, it would also be unreasonable to assume that the legislature intended someone who was required to register under Section 29–11A–4 not to be given notice under Section 29–11A–7. We conclude that the legislature intended to use the terms "adjudicated guilty" and "convicted" interchangeably in the Sex Offender Registration Act. Therefore, the trial court is in effect determining who must register as a sex offender under Section 29–11A–4 at the time it determines whether or not to place notice of the duty to register in the judgment and sentence pursuant to Section 29–11A–7. The trial court did not err by placing affirmative language in the amended order of conditional discharge stating that Defendant did not have to register pursuant to the Sex Offender Registration Act.

## C. *The Trial Court Did Not Improperly Override a Legislative Determination.*

■ {22} Finally we address the State's contention that the legislature, in enacting the Sex Offender Registration Act, has made a finding that persons who commit sex offenses under Section 30–9–11 pose a great risk of recidivism to society. Therefore, the State argues, the trial court must defer to this finding and cannot override this determination by granting a conditional discharge. A reading of the Sex Offender Registration Act indicates that the legislature knew that there would be persons having committed sex offenses who would not be required to register under the Act. The statute is prospective in application in that it only applies to those convicted after July 1, 1995. It is therefore clear that the legislature did not intend for every person who has committed a sex offense to be required to register as a sex offender. We also note that, in its brief in chief, the State contends that Defendant could later petition the trial court to be relieved of the duty to register if Defendant successfully completes probation and the charges are dismissed without an adjudication of guilt. We conclude that the legislature intended that those who are granted a conditional discharge are not to be required to register unless and until that sex offender violates the terms of the conditional discharge order. Assuming, as we must, that the legislature knew of all statutes involved when it passed the Sex Offender Registration Act, it has given the trial court the power not to require a sex offender to register by granting a conditional discharge.

{23} As we have now determined that a person granted a conditional discharge under the conditional discharge statute is neither "adjudicated guilty" nor "convicted" as those terms are used in the Sex Offender Registration Act, the trial court did not err in placing affirmative language in the conditional discharge order stating that Defendant was not required to register as a sex offender. Should Defendant at any time violate the

conditions of probation and, after a probation violation hearing, the court does enter an adjudication of guilt, Defendant shall then be required to register as a sex offender and shall be given notice at that time.

{24} This opinion is not to be interpreted as announcing any new law regarding suspended sentences, deferred sentences, or sentences of incarceration. Nor does it decide issues not raised in this case. *Compare, e.g., State v. Rabbas,* 278 So.2d 45, 47–48 (La.1973) ("conviction" under the Louisiana conditional discharge statute for first offense drug possession would not be admissible for impeachment purposes at any time before the entry of an adjudication of guilt resulting from the violation of the terms and conditions of probation) *with Office of Disciplinary Counsel v. Goldberg,* 73 Haw. 172, 829 P.2d 1329, 1331 (Haw.1992) (a criminal defendant must be discharged and the proceedings dismissed before defendant reaps the benefits of conditional discharge order in attorney disciplinary proceeding); *see Fernandez v. Farmers Ins. Co.,* 115 N.M. 622, 627, 857 P.2d 22, 27 (1993) (holding that opinions are not authority for propositions not considered).

{25} Finally, given the legislative findings concerning recidivism and law enforcement, *see* § 29–11A–2, we note that there may well be good reason for the legislature to require all sex offenders who consent to the imposition of punishment to register under the Sex Offender Registration Act. However, it is one thing for the legislature to so require and quite another for this Court to do so by judicial fiat. If the legislature wishes to include conditional discharges as convictions, as it has done with habitual offender enhancement, it would not be difficult to amend Section 29–11A–7 to use the word "convicted," instead of "adjudicated guilty" and to amend Section 29–11A–3 to define "convicted" as including conditional discharges. On the other hand, because the definition of criminal sexual penetration has been broadened to include consensual sex between therapists and patients, situations that do not necessarily involve recidivism, perhaps there is a place for conditional discharge orders in sexual penetration cases to which the registration requirements of the Sex Offender Registration Act should not apply.

**CONCLUSION**

{26} Affirmed.

{27} IT IS SO ORDERED.

DONNELLY and ALARID, JJ., concur.