This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                                    **NO. 29,386**

**CHRISTOPHER BRYANT,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Gary K. King, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Nancy M. Hewitt, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

The State appeals from an order dismissing the charges against Defendant for violation of the six-month rule. Rule 5-604 NMRA. We proposed to affirm the

dismissal. The State has responded to our proposal. We have considered its arguments and not being persuaded, we affirm.

This appeal concerns the propriety of the district court dismissal of charges against Defendant for violation of the six-month rule. The State's docketing statement framed the issue as "[w]hether the trial court erred in dismissing the case for lack of jurisdiction due to the missing bench warrant and cancellation of the bench warrant in the court file." [DS 5] In our several calendar notices, we have made it clear that the district court erred in raising the matter *sua sponte* and in determining that violation of the six-month rule is jurisdictional. *See State v. Guzman*, 2004-NMCA-097, ¶ 11, 136 N.M. 253, 96 P.3d 1173. However, even though the district court erred in deciding to consider a six-month rule issue on its own, we proposed to conclude that the error was not reversible as the district court's decision would not change. *See Wright v. Brem*, 81 N.M. 410, 411, 467 P.2d 736, 737 (Ct. App. 1970) (stating that error will not be corrected if the correction will not change the result).

When the district court raised the issue of the six-month rule, the State argued that the issuance and cancellation of a bench warrant five months earlier had restarted the rule. [RP 157] The district court indicated that there was nothing in the court file

regarding a bench warrant and cancellation thereof. [RP 158] The court further pointed out that there was nothing in the record showing that Defendant was either arrested or surrendered on the warrant. [RP 159] On the basis of that record, the court stated that it was going to dismiss the case. [RP 160]

Five days after that hearing, the State filed both a bench warrant for failure to appear [RP 145] and a cancellation of that warrant, indicating that Defendant had surrendered to the court. [RP 146] Both of those orders were signed by the judge who had earlier recused from the case and were filed nunc pro tunc. The State then filed a motion to reconsider the dismissal. [RP 149] Thereafter, the district court entered an order dismissing the case, which included language indicating that there was nothing in the record showing that the rule had restarted. [RP 168]

The State argues in its memorandum in opposition that there was ample evidence in the record to show that the six-month rule had restarted. [MIO 4] Insofar as it relies on the nunc pro tunc bench warrant and cancellation, neither of those orders was in the record at the time that the district court decided to dismiss the case. Furthermore, we are not persuaded that the orders were in fact nunc pro tunc orders in light of the circumstances in which they were obtained. *See State v. Herbstman*,

4

1999-NMCA-014, ¶ 13, 126 N.M. 683, 974 P.2d 177 (stating that a nunc pro tunc order is proper only if it makes the record reflect what actually happened, not correcting something that was omitted).  As we have noted in other cases, if the bench warrant does not issue, a later order to cancel it does not necessarily indicate that the Defendant was arrested or surrendered on the warrant.  *Cf. State v. Granado*, 2007-NMCA-058, 141 N.M. 575, 158 P.3d 1018 (pointing out that where no bench warrant had ever issued, there was no evidence to conclude that Defendant had been arrested or surrendered to the court on the warrant).

The State also points to the transcripts of the hearings where the bench warrant was ordered and where Defendant presented himself to the court the next day.  Neither of those hearings indicate that a bench warrant was actually filed or that Defendant's appearance the next day was a surrender to the court on the bench warrant.  [RP 153, 155]  Thus, the record does not support the State's contention that there was ample evidence in the record to support a restarting of the six-month rule.

Insofar as the State argues that the district court abused its discretion in dismissing without fully knowing or understanding the record, we disagree.  It is true that Judge Brown was not the presiding judge at the time that the bench warrant was

ordered to be issued. However, it is clear that Judge Brown had examined the district court record prior to calling the case for trial. Thus, we cannot agree with the State that the district court did not know or understand the record. Judge Brown cannot be faulted for not knowing what Judge Sanchez had intended when there was no written order which memorialized his rulings. The State's attempt to provide evidence of what Judge Sanchez intended after the fact does not remedy the fact that the record before Judge Brown at the time that he dismissed the case did not contain any evidence to support the State's claim that the six-month rule had restarted with the issuance of a bench warrant for failure to appear.

In our notice, we distinguished between arguments regarding the state of the record and the merits of the bench warrant argument. We pointed out that the State's arguments that the issuance of the bench warrant and Defendant's surrender on the warrant restarted the six-month rule were not the basis of the district court's ruling. We recognize that the State argued to the district court that the warrant restarted the six-month rule. However, the district court ruled that the record did not support the State's argument. We proposed to agree with the district court and affirm.

The State argues that distinguishing the two arguments cannot be done. We disagree. We are not reviewing the merits of whether a bench warrant and surrender on that warrant restarts the six-month rule. Rather, we are reviewing whether the

district court was correct in determining that there was no bench warrant or a surrender upon the bench warrant. Without those underlying facts, there can be no argument that the six-month rule was restarted on that basis. The State's docketing statement recognizes that issue.

It is appellate counsel who has raised other issues and reasons why the district court should not have found that the six-month rule had run. We generally do not consider issues on appeal that are not preserved below. Rule 12-216(A) NMRA; *State v. Vandenberg*, 2003-NMSC-030, ¶ 52, 134 N.M. 566, 81 P.3d 19 ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked." (internal quotation marks and citation omitted)). As we noted in our second notice, these matters were never presented to the district court as reasons not to dismiss on a six-month rule violation. Rather, the sole argument made to the district court was that a warrant had issued for failure to appear and Defendant had surrendered on that warrant. The district court did not accept the argument as there was no evidence in the record to support it. The State did not attempt to make any other arguments against dismissal. Therefore, we will not discuss the merits of those issues as they were not presented to the district court.

For the reasons stated herein and in our first and third notices, we affirm dismissal of the charges against Defendant.

**IT IS SO ORDERED**.

_____
MICHAEL E. VIGIL, Judge

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

8