IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number:  2014-NMSC-009

Filing Date:  February 27, 2014

Docket No. 33,789

FREDDIE BENJI MONTOYA,

　　　　Petitioner,

v.

HON. DOUGLAS R. DRIGGERS,
Third Judicial District Court Judge,

　　　　Respondent,

and

STATE OF NEW MEXICO,

　　　　Real Party in Interest.

**ORIGINAL PROCEEDING ON CERTIORARI**
Douglas R. Driggers, District Judge

Jorge A. Alvarado, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Petitioner

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
James W. Grayson, Assistant Attorney General
Nicole Beder, Assistant Attorney General
Santa Fe, NM

for Real Party in Interest

## OPINION

1

**CHÁVEZ, Justice.**

**{1}** Freddie Montoya passed a vehicle whose only occupant was a female driver and positioned his truck across the roadway to block her path. *State v. Montoya*, 2011-NMCA-074, ¶ 2, 150 N.M. 415, 259 P.3d 820. He and his passenger got out of the truck, forcibly entered the victim's vehicle, and raped her. *Id.* Among other crimes, Montoya was convicted of first-degree kidnapping under NMSA 1978, Section 30-4-1 (2003) and second-degree criminal sexual penetration (CSP II) under NMSA 1978, Section 30-9-11(D)(5) (2003). Montoya was required to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA), NMSA 1978, §§ 29-11A-1 to -10 (1995, as amended through 2005), due exclusively to the CSP II conviction. However, the CSP II conviction was vacated because Montoya's actions supported his convictions for both first-degree kidnapping and CSP II, which could result in double punishment for the same conduct, in violation of the Double Jeopardy Clause of the United States Constitution, Amendment V. *Montoya*, 2011-NMCA-074, ¶¶ 39, 42. Montoya now argues that he is no longer required to register under SORNA because the CSP II conviction was vacated. We disagree. The CSP II conviction was vacated to prevent Montoya from being punished twice for the same conduct, and registration under SORNA is not considered punishment in New Mexico. *State v. Druktenis*, 2004-NMCA-032, ¶ 32, 135 N.M. 223, 86 P.3d 1050. In addition, Montoya's conviction of a qualifying sex offense remains valid for purposes of SORNA because the CSP II conviction is what elevated the kidnapping to a first-degree felony. *See Montoya*, 2011-NMCA-074, ¶ 35.

**WHEN A CONVICTION REQUIRING SORNA REGISTRATION IS VACATED TO AVOID DOUBLE PUNISHMENT, IT REMAINS VALID FOR PURPOSES OF SORNA**

**{2}** SORNA requires sex offenders to register in the counties where they reside, have lodging, work, or attend school. Section 29-11A-4. A sex offender is a person who either resides in New Mexico or who is not a resident but works or attends school in New Mexico, and who has been convicted of a sex offense. Section 29-11A-3(D). The sex offenses that require registration are enumerated in Section 29-11A-3(E).

**{3}** The key to what constitutes a conviction under SORNA is that there must be an adjudication of guilt. A " 'conviction' " is a "conviction in any court of competent jurisdiction and includes a deferred sentence, but does not include a conditional discharge." Section 29-11A-3(A). "[A] conditional discharge order is entered without entry of an adjudication of guilt. . . . A deferred sentence is entered with an entry of adjudication of guilt, but does not necessarily subject the defendant to criminal consequences." *State v. Herbstman*, 1999-NMCA-014, ¶ 11, 126 N.M. 683, 974 P.2d 177 (internal citation omitted). If a person pleads guilty to or is found guilty of a sex offense, the Legislature clearly intended that the person register as a sex offender. SORNA was enacted because "(1) sex offenders pose a significant risk of recidivism; and (2) the efforts of law enforcement agencies to protect their communities from sex offenders are impaired by the lack of

information available concerning convicted sex offenders who live within the agencies' jurisdictions." Section 29-11A-2(A). The SORNA registration requirement is a public safety requirement designed to inform the public about the whereabouts of convicted sex offenders. *See Druktenis*, 2004-NMCA-032, ¶ 34.

{4}      "Our main goal when interpreting a statute is to give effect to the Legislature's intent. Deciphering what was intended by the Legislature requires us to examine the object the [L]egislature sought to accomplish and the wrong it sought to remedy." *State v. Hall*, 2013-NMSC-001, ¶ 9, 294 P.3d 1235 (internal quotation marks and citations omitted). We have interpreted remedial statutes broadly to give effect to the Legislature's intent. *See In re Esther V.*, 2011-NMSC-005, ¶ 17, 149 N.M. 315, 248 P.3d 863. We recently explained why courts must interpret SORNA broadly.

> In the [eighteen]-year history of SORNA, the Legislature has continually amended the law to make it more expansive—that is, to register more people for more offenses, to make information more accessible to the public, and to increase penalties for failing to comply. In this way, the Legislature has demonstrated its preference for a broad registry law that provides more, rather than less, protection for the community.
>
> . . . Given the choice between a narrow, elements-based approach to the law and a broader approach that examines the offender's actual conduct, we find the broader approach more consonant with the Legislature's intent.

*Hall*, 2013-NMSC-001, ¶¶ 16-17.

{5}      Under SORNA, a person who is convicted of criminal sexual penetration, whether it is first, second, third, or fourth degree, must register as a sex offender. Section 29-11A-3. Montoya had to register as a sex offender because he was convicted of CSP II. He was not required to register because of any other conviction. Montoya has never contended that the CSP II conviction was not supported by sufficient evidence, but he now contends that he no longer has to register as a sex offender because the CSP II conviction was vacated. However, Montoya ignores the limited reason why the CSP II conviction was vacated, which was to avoid punishing him twice for the same conduct. The SORNA registration requirement is not punishment. As stated by the *Druktenis* court:

> [O]ur Legislature's intent in enacting SORNA was to enact a civil, remedial, regulatory, nonpunitive law. . . . [T]he provisions of SORNA do not involve affirmative disability or restraint; have not historically been regarded as punishment; do not come into play only on a finding of scienter; only incidentally, if at all, promote traditional aims of retribution and deterrence; and have a rationally connected, nonpunitive purpose.

2004-NMCA-032, ¶ 32.

3

**THE CSP II CONVICTION WAS ESSENTIAL TO ELEVATE THE KIDNAPPING CONVICTION TO A FIRST-DEGREE FELONY AND REMAINS AN ADJUDICATION OF GUILT FOR SORNA PURPOSES**

**{6}**     Montoya appealed his convictions of first-degree kidnapping, aggravated burglary, and CSP II to the Court of Appeals, arguing that the convictions violated the constitutional prohibition of double jeopardy because he was subjected to multiple punishments for the same conduct. The Court of Appeals agreed with Montoya with respect to kidnapping and CSP II, but not with respect to aggravated burglary. *Montoya*, 2011-NMCA-074, ¶¶ 33-34, 43. The Court of Appeals was persuaded that the jury instructions in the case resulted in the jury finding Montoya guilty of both first-degree kidnapping and CSP II based upon the same conduct. *Id.* ¶¶ 42-43. In essence, the elements of kidnapping were subsumed in CSP II because CSP II required that Montoya raped his victim during the course of committing a felony, and that felony was kidnapping. *Id.* ¶ 42. In the alternative, citing *State v. Armendariz*, 2006-NMCA-152, ¶ 11, 140 N.M. 712, 148 P.3d 198, the Court of Appeals suggested that the first-degree kidnapping was supported by the elements of CSP II. *Montoya*, 2011-NMCA-074, ¶ 42.

**{7}**     An analysis of the jury instructions illustrates the Court of Appeals' rationale. The jury found Montoya guilty of kidnapping, which required the jury to find that Montoya restrained or confined his victim by force or intimidation, intending to inflict a sexual offense upon her. Section 30-4-1(A)(4). These findings would support a first-degree kidnapping conviction if the jury also found that Montoya had not freed the victim in a safe place and had committed a sex offense against her. Section 30-4-1(B). The jury entered special verdicts finding that Montoya had not freed the victim in a safe place and that he inflicted either "death, physical injury or sexual offense" on his victim. *See* § 30-4-1(A)(4). The jury also found that Montoya had committed a sex offense against his victim when the jury found him guilty of CSP II because CSP II required findings that Montoya had caused his victim to engage in sexual intercourse during the commission of a felony. Therefore, under the Court of Appeals' analysis, the CSP II conviction was essential to elevate the kidnapping offense to a first-degree felony, which could result in double punishment for the same conduct.

**{8}**     To remedy the double jeopardy violation, the Court of Appeals remanded the case to the district court to "vacate the conviction for the lesser offense." *Montoya*, 2011-NMCA-074, ¶ 43. Vacating a conviction is the judicially created remedy to avoid multiple punishments in violation of the constitutional proscription against double jeopardy. *See State v. Santillanes*, 2001-NMSC-018, ¶ 28, 130 N.M. 464, 27 P.3d 456 (" '[T]he general rule requires that the lesser offense be vacated' in the event of impermissible multiple punishments." (citation omitted)). Therefore, vacating a conviction is a means by which the courts give effect to the legislative intent not to punish a defendant twice for the same conduct. *See Montoya*, 2011-NMCA-074, ¶ 30 (acknowledging that double jeopardy protection against multiple punishments for unitary conduct is based on legislative intent). The double jeopardy proscription against multiple punishments is not based upon the

premise that the defendant was not guilty of violating two statutes—by definition, the defendant's conduct must result in an adjudication that he was guilty of violating multiple statutes. Although Defendant was guilty of violating multiple statutes, he should only be punished for the conviction carrying the greater penalty unless the Legislature intended that the crimes be punished separately. *See State v. Swick*, 2012-NMSC-018, ¶ 31, 279 P.3d 747; *Santillanes*, 2001-NMSC-018, ¶ 28.

**{9}** On remand, the district court complied with the Court of Appeals' mandate by vacating the CSP II conviction. CSP II is a second-degree felony carrying a basic sentence of imprisonment of nine years. NMSA 1978, § 31-18-15(A)(5) (2005). Kidnapping is a second-degree felony punishable by nine years' imprisonment unless the kidnapping is elevated to a first-degree felony, as happened here, in which case it is punishable by imprisonment for eighteen years. Section 31-18-15(A)(2). Therefore, Montoya's greater penalty resulted from his first-degree kidnapping conviction. In effect, he was sentenced to eighteen years in prison because he was convicted of both kidnapping and CSP II. We interpret the Court of Appeals' opinion to mean that Montoya would have been punished twice for the same conduct had he been sentenced to twenty-seven years' imprisonment—nine years for CSP II and eighteen years for first-degree kidnapping. This is because the CSP II conviction elevated what otherwise would have been a second-degree kidnapping conviction into a first-degree kidnapping conviction. Unless his CSP II conviction was vacated, Montoya would have had nine years added to his first-degree kidnapping conviction because he raped his victim during the kidnapping.

**{10}** As aptly noted by the district court, when the Court of Appeals found a double jeopardy violation and remanded the case for the district court to vacate the conviction for either first-degree kidnapping or CSP II, the Court of Appeals was not suggesting that Montoya was not guilty of CSP II. On the contrary, the Court of Appeals simply held that Montoya's conduct proved *both* first-degree kidnapping, because he kidnapped and raped his victim, *and* CSP II because he raped his victim while kidnapping her.

**{11}** Requiring Montoya to register as a sex offender because he was found guilty of CSP II is consistent with the legislative intent in enacting SORNA, even though the CSP II conviction was later vacated. Montoya was found guilty of raping his victim, and he does not challenge the sufficiency of the evidence to support his rape conviction. The Legislature intended that persons found guilty of rape must register under SORNA for the protection of the public. It would thwart the Legislature's intent to hold that a person who is found guilty of a sex offense does not have to register under SORNA if that conviction is vacated, not because the conviction lacked sufficient evidence, but because the conviction would result in double punishment. Therefore, Montoya must register.

**CONCLUSION**

**{12}** We affirm the district court. Montoya must register as a sex offender as required by SORNA.

5

**{13}   IT IS SO ORDERED.**

_____
**EDWARD L. CHÁVEZ, Justice**

 **WE CONCUR:**

_____
**PETRA JIMENEZ MAES, Chief Justice**

_____
**RICHARD C. BOSSON, Justice**

_____
**CHARLES W. DANIELS, Justice**

_____
**BARBARA J. VIGIL, Justice**

**Topic Index for _Montoya v. Driggers_, No. 33,789**

**CONSTITUTIONAL LAW**
Double Jeopardy

**CRIMINAL LAW**
Criminal Sexual Penetration
Kidnapping
Vacating Judgment

**CRIMINAL PROCEDURE**
Double Jeopardy
Lesser Included Offense

**MISCELLANEOUS STATUTES**
SORNA (Sexual Offender Registration and Notification Act)

**STATUTES**
Legislative Intent