This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41760

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JASON STALTER a/k/a**
**JASON THOMAS STALTER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Van Snow, Deputy Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Mark A. Peralta-Silva, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** This matter was submitted to the Court on the Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, this Court

assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, the answer brief, and the reply brief, we reverse for the following reasons. Defendant also filed an unopposed motion for expedited review on July 26, 2024. This motion is **DENIED** as moot.

**{2}** Defendant appeals from the district court's order denying his motion to reduce sentence under Rule 5-801 NMRA. [2 RP 379] *See State v. Neely*, 1994-NMSC-057, ¶ 5, 117 N.M. 707, 876 P.2d 222 (recognizing that the denial of a motion under Rule 5-801 is a final appealable order). We generally review the district court's denial of a motion for reconsideration of sentence for abuse of discretion. *See State v. Herbstman*, 1999-NMCA-014, ¶ 8, 126 N.M. 683, 974 P.2d 177 (stating that "it is within the trial court's discretion whether to modify a valid sentence"); *see also State v. Jenkins*, 2024-NMCA-019, ¶ 27, 542 P.3d 835 (stating that "any mistake of law is, by definition, an abuse of discretion"). However, we review de novo whether a motion was timely under Rule 5-801, as the timely filing of the motion is jurisdictional. *See State v. Lucero*, 2022-NMCA-020, ¶ 11, 508 P.3d 917 (stating that whether the district court has jurisdiction is a question of law that we review de novo); *Hayes v. State*, 1988-NMSC-021, ¶ 8, 106 N.M. 806, 751 P.2d 186 (holding that the time requirement for filing a motion to modify sentence under Rule 5-801 is jurisdictional).

**{3}** In this case, Defendant was convicted of offenses, and the district court entered a judgment and sentence on June 23, 2021. [1 RP 246]. Defendant timely appealed his convictions to this Court, and we filed an opinion affirming on March 21, 2023. [RP 313] After Defendant's petition for writ of certiorari was denied by the New Mexico Supreme Court, the mandate issued from this Court on October 6, 2023, and it was received by the district court on the same day. [2 RP 314]

**{4}** On October 31, 2023, Defendant filed a Rule 5-801 motion for reconsideration. The district court denied the motion without a hearing, ruling that it did not have jurisdiction because the motion was filed more than ninety days after the date the sentence was imposed. [2 RP 379] Defendant argues, and the State concedes, that the district court's ruling that it lacked jurisdiction was in error. [BIC 3-6; AB 1-3] Although we are not bound by the State's concession, in this case, we agree. *See State v. Tapia*, 2015-NMCA-048, ¶ 31, 347 P.3d 738 ("Although the state concedes this issue, we are not bound to accept the state's concession." (alterations, internal quotation marks and citation omitted)); *State v. Serrato*, 2021-NMCA-027, ¶ 13, 493 P.3d 383 (accepting the state's concession after review).

**{5}** The plain language of Rule 5-801(A) clearly provides that a motion to reduce sentence can be filed within ninety days after the district court has received a mandate from an appellate court following affirmance of the judgment on appeal. *See* Rule 5-801(A) ("A motion to reduce a sentence may be filed within ninety (90) days after the sentence is imposed, *or within ninety (90) days after receipt by the court of a mandate issued upon affirmance of the judgment* or dismissal of the appeal, or within ninety (90) days after entry of any order or judgment of the appellate court on direct appeal denying review of, or having the effect of upholding, a judgment of conviction." (emphasis

added)); *see also State v. Lopez*, 2023-NMSC-011, ¶¶ 10-11, 529 P.3d 893 (stating that in interpreting our rules of procedure we begin by examining the plain language of the rule).

**{6}** As Defendant's motion for reduction of sentence was filed before ninety days had elapsed from the district court's receipt of the mandate, the district court had jurisdiction to consider the motion, and its ruling to the contrary was error. We therefore reverse and remand this case to the district court for proceedings consistent with this opinion. *See Herbstman*, 1999-NMCA-014, ¶ 8 ("As long as the trial court has jurisdiction under Rule 5-801 . . . it is within the trial court's discretion whether to modify a valid sentence.").

**{7}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**