671 P.2d 651

**Dorothy ROMINE, Petitioner-Appellee,**

v.

**James Clifford ROMINE,**
**Respondent-Appellant.**

No. 14834.

Supreme Court of New Mexico.

Nov. 3, 1983.

Charles D. Alsup, Clayton, for petitioner-appellee.

Gary Jeffreys, Deming, for respondent-appellant.

## OPINION

FEDERICI, Justice.

Dorothy Romine (petitioner) brought suit in Union ·County, New Mexico, to obtain a divorce from James Clifford Romine (respondent). In her pleadings petitioner conceded she claimed no interest in respondent's home, notwithstanding that title to the home was in the joint names of petitioner and respondent. She further stated that she was willing to return a diamond ring which respondent had given her. Respondent executed an entry of appearance and waiver, consenting that judgment could be entered without further notice to him. Respondent died while the case was pending and before any action was taken by the trial court.

Petitioner moved to dismiss the divorce proceedings. Respondent, by his special administrator, filed a motion requesting that a divorce decree be entered nunc pro tunc as of the date respondent filed his appearance and waiver. That motion was denied. Respondent's special administrator moved to substitute herself as respondent. That motion was also denied. Respondent appeals the denial by the trial court of both motions. We affirm.

■ A nunc pro tunc order may not be used to supply judicial action at a date when no judicial action was actually taken. This has long been the rule in New Mexico. *Secou v. Leroux,* 1 N.M. 388 (1866). As this Court has previously stated, nunc pro tunc "is not to be used to supply some omitted action of the court or counsel, but may be utilized to supply an omission in the record of something really done but omitted through mistake or inadvertence." *Mora v. Martinez,* 80 N.M. 88, 89, 451 P.2d 992, 993 (1969).

In this case, the district court was never called upon to. set a date for a hearing on the petition for divorce, and no hearing or other proceedings were ever held. Entry of a nunc pro tunc order under these facts would be contrary to established New Mexico case law.

Respondent admits that the district court made no decision in the present case. He further recognizes that all the cases upon which he bases his argument involved situations where some judicial action had taken place. Whether a divorce decree may be entered nunc pro tunc following the death of one of the parties is a question of first impression in New Mexico. The courts in other jurisdictions that have considered this question are in agreement that before a divorce decree can be properly entered nunc pro tunc in such a situation, some prior judicial action must have been taken. *See* Annot., 158 A.L.R. 1205 (1945); Annot., 19 A.L.R.3d 648 (1968).

■ Respondent argues that NMSA 1978, Section 37–2–4, regarding the abatement of actions upon the death of a party, applies to divorce proceedings. The statute provides that no action pending in any court shall abate by the death of a party, except those actions specified. The specified actions do not include divorce. However, this is not a question of abatement but rather one of jurisdiction. Petitioner sought a dissolution of her marriage with respondent. Respondent's death dissolved the marital relationship, rendering the questions presented in petitioner's suit moot. An action is properly dismissed if the issues therein become moot, leaving the court without jurisdiction. *Mowrer v. Rusk,* 95 N.M. 48, 618 P.2d 886 (1980). As the Supreme Court of the United States has stated, "no power can dissolve a marriage which has already been dissolved by act of God." *Bell v. Bell,* 181 U.S. 175, 178, 21 S.Ct. 551, 553, 45 L.Ed. 804 (1901). The trial court properly dismissed respondent's motion for entry of a divorce decree nunc pro tunc.

■ Since the claims involved in the divorce action were extinguished by the death of respondent, NMSA 1978, Civ.P.Rule

25(a)(1) (Repl.Pamp.1980) allowing substitution of parties does not apply. The district court acted properly in denying respondent's motion for substitution of parties.

The judgment is affirmed.

IT IS SO ORDERED.

RIORDAN and STOWERS, JJ., concur.