741 P.2d 1381

**STATE of New Mexico, ex rel. Mercedes C. RIVERA, Petitioner,**

v.

**Honorable Susan CONWAY, District Judge, Second Judicial District, Respondent.**

**No. 17190.**

Supreme Court of New Mexico.

July 17, 1987.

Walter R. Kegel, Santa Fe, for petitioner.

Sutin, Thayer & Browne, Raymond W. Schowers, Albuquerque, for real party in interest.

**OPINION**

SCARBOROUGH, Chief Justice.

Petitioner sought a writ of prohibition to prohibit respondent district judge from proceeding further in Bernalillo County Cause No. DR 85–01388. We issue a peremptory writ of prohibition and thereby prohibit respondent from proceeding further in Cause No. DR 85–01388, except that respondent should take whatever steps necessary to dismiss the case with prejudice.

Petitioner filed an action for divorce, Cause No. DR 85–01388, on April 10, 1985. The case was heard on February 4, 1986, but no further action was taken by the trial court until May 19, 1986, when the parties were invited to submit proposed findings of fact and conclusions of law. On June 28, 1986, petitioner's husband died. The trial

court then allowed the estate of petitioner's deceased husband to substitute as a party for the deceased husband. No order or decree of divorce has yet been entered in Cause No. DR 85–01388. Nevertheless, the trial court has indicated that it intends to enter a divorce decree and divide property nunc pro tunc.

 Prohibition is the proper remedy to prevent an inferior court from acting in excess of its jurisdiction. *See State v. Apodaca*, 91 N.M. 279, 573 P.2d 213 (1977). The issue raised by the petition for writ of prohibition, therefore, is whether by proceeding in Cause No. DR 85–01388 the trial court is acting in excess of its jurisdiction.

In *Romine v. Romine*, 100 N.M. 403, 671 P.2d 651 (1983), this Court held that the trial court was without jurisdiction to enter a divorce decree nunc pro tunc where a party to the divorce action had died. *See id.* at 404, 671 P.2d at 652. According to the Court, " 'no power can dissolve a marriage which has already been dissolved by act of God.' " *Id.* (quoting *Bell v. Bell*, 181 U.S. 175, 178, 21 S.Ct. 551, 553, 45 L.Ed. 804 (1901)). *Romine* states that a nunc pro tunc order may only be properly entered where "some judicial action [has] taken place," i.e., "nunc pro tunc 'is not to be used to supply some omitted action of the court or counsel, but may be utilized to supply an omission in the record of something really done but omitted through mistake or inadvertance.' " *Id.* (quoting *Mora v. Martinez*, 80 N.M. 88, 89, 451 P.2d 992, 993 (1969)).

In this case there was no judicial action prior to the death of petitioner's husband upon which a nunc pro tunc divorce decree could be predicated. Indeed, the trial court was dilatory in its handling of Cause No. DR 85–01388. The case was heard in February 1986, but no further action appears to have been undertaken until May 19, 1986, when the trial court solicited proposing findings of fact and conclusions of law. The trial court's failure to enter judgment prior to the death of petitioner's husband

violated SCRA 1986, Rule 1–054(B)(1), which requires either entry of judgment within sixty days of submission or submission of a written memorandum to this Court explaining the reason for noncompliance with the sixty-day rule. In sum, *Romine* is directly on point; the trial court is without jurisdiction to enter a divorce decree nunc pro tunc because petitioner's husband died before the trial court took action to enter a divorce decree.

Wherefore, a peremptory writ of prohibition shall issue, prohibiting respondent from proceeding further in Bernalillo County Cause No. DR 85–01388, except that respondent should dismiss Cause No. DR 85–01388 with prejudice and at the same time strike the trial court's Findings of Fact and Conclusions of Law and Supplemental Findings of Fact and Conclusions of Law therein. Furthermore, in view of the trial court's violation of SCRA 1986, Rule 1–054(B)(1), we refer this matter to the Judicial Standards Commission for appropriate action.

IT IS SO ORDERED.

STOWERS and WALTERS, JJ., concur.