**Certiorari Granted, No. 32,001, November 4, 2009**

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**Opinion Number: 2009-NMCA-126**

**Filing Date: September 11, 2009**

**Docket No. 28,493**

**DUSTIN OLDHAM,**

      **Petitioner-Appellant,**

**v.**

**GLENDA OLDHAM,**

      **Respondent-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**William F. Lang, District Judge**

Geer, Wissel & Levy P. A.
Maria García Geer
Robert D. Levy
Albuquerque, NM

for Appellant

Luebben, Johnson & Barnhouse LLP
Samuel D. Hough
Karl E. Johnson
Kelli J. Keegan
Los Ranchos de Albuquerque, NM

for Appellee

### OPINION

**GARCIA, Judge.**

**{1}** Dustin Oldham (Son) appeals from the final order appointing his mother, Glenda Oldham (Wife), as personal representative of the estate of his father, David Oldham

(Husband). At the time of Husband's death, Husband and Wife were involved in ongoing divorce proceedings. Prior to the divorce proceedings, Husband had designated Wife as his named personal representative and the beneficiary of his estate. NMSA 1978, Section 40-4-20(B) (1993) provides that when one party to a pending divorce proceeding dies prior to the entry of a final decree, the proceedings are to continue to conclusion as if both parties had survived. As a result, a personal representative must be substituted to represent the interests of Husband's estate and the divorce proceedings are to continue.

{2}     In this case, we must determine whether the district court erred by granting Wife's motion for partial summary judgment and by appointing Wife as personal representative of Husband's estate. In light of the divorce proceedings instituted before Husband's death, we hold that an inherent conflict of interest was created when the district court appointed Wife to represent Husband's estate against herself in the pending divorce proceedings. Accordingly, we reverse and remand for the appointment of someone other than Wife as a substitute personal representative or administrator to complete the pending divorce proceedings pursuant to Section 40-4-20(B) before continuing the probate proceedings. We further reverse the summary judgment determination in favor of Wife regarding the controlling effect of Husband's will and trust (the Will and Trust) and remand for further proceedings.

**BACKGROUND**

{3}     Husband and Wife were married for twenty-three years and had one child together. In 2003, Husband was diagnosed with brain cancer. In early 2007, Husband became upset regarding his marital relationship and expressed his desire to initiate divorce proceedings against Wife. Husband then signed a letter of acknowledgment stating his desire to have Son, acting as attorney-in-fact, assist him in initiating divorce proceedings against Wife. On February 7, 2007, Husband filed a petition for divorce. Shortly thereafter, Wife filed a motion to dismiss Husband's petition for dissolution of marriage stating that Husband lacked the competency to file for divorce. Husband died in May 2007 before any rulings were issued in the pending divorce proceedings.

{4}     In the probate proceeding following Husband's death, Son filed an application for informal appointment as personal representative of Husband's estate. Wife subsequently filed a counter application for formal appointment as personal representative. She also filed a joint motion for summary judgment and motion to dismiss the petition for dissolution of marriage. In her motions, Wife asserted that the district court was required to appoint her as personal representative to administer Husband's estate pursuant to Husband's Will and Trust. Son then filed a counter motion for summary judgment requesting that the district court appoint him, as a matter of law, as personal representative to complete the divorce proceedings pursuant to Section 40-4-20(B). The district court issued an order that appointed Wife as personal representative of Husband's estate, admitted the Will to probate, validated the Trust, and found that Section 40-4-20(B) did not revoke, invalidate, or affect the Will and Trust in the probate proceedings. This appeal followed.

**DISCUSSION**

2

**Appointment of Personal Representative**

**{5}**     We must address whether Wife was properly appointed to serve as the personal representative of Husband's estate. We review the district court's statutory interpretation and conclusions of law de novo. *See Bell v. Estate of Bell*, 2008-NMCA-045, ¶ 11, 143 N.M. 716, 181 P.3d 708 (reviewing statutory interpretation de novo); *Alverson v. Harris*, 1997-NMCA-024, ¶ 6, 123 N.M. 153, 935 P.2d 1165 (filed 1996) (reviewing de novo whether the district court correctly applied the law to the facts).

**{6}**     We look to our recent decision in *Karpien* for guidance regarding how to proceed under Section 40-4-20(B) when one party to a pending divorce proceeding dies prior to the entry of a final decree. *Karpien v. Karpien*, 2009-NMCA-043, 146 N.M. 188, 207 P.3d 1165. In *Karpien*, the husband and wife were involved in divorce proceedings when the wife died intestate. *Id.* ¶ 1. Following the wife's death, the district court appointed the wife's parents as personal representatives of her estate. *Id.* ¶ 2. On appeal, the husband asserted that when one party to a pending divorce proceeding dies, the Uniform Probate Code (Probate Code) prevails over Section 40-4-20(B), effectively abating the divorce proceedings so that the surviving spouse is not prevented from receiving an inheritance. *Karpien*, 2009-NMCA-043, ¶¶ 8, 10-11. Relying on Section 40-4-20(B), we rejected this argument. *Karpien*, 2009-NMCA-043, ¶¶ 8-11. Section 40-4-20(B) provides:

> [I]f a party to the action dies during the pendency of the action, but prior to the entry of a [final] decree granting dissolution of marriage, separation, annulment or determination of paternity, the proceedings for the determination, division and distribution of marital property rights and debts . . . *shall not abate. The court shall conclude the proceedings as if both parties had survived.*

(Emphasis added.) Therefore, we held that in order to give effect to both Section 40-4-20(B) and the Probate Code, the divorce proceedings must continue until conclusion before the district court could address any limitations imposed by the Probate Code. *Karpien*, 2009-NMCA-043, ¶¶ 8-11.

**{7}**     In the present case, in order for the divorce proceedings to continue in accordance with Section 40-4-20(B), a proper personal representative must be appointed to represent Husband's estate in the continuation of the proceedings. NMSA 1978, § 45-3-703(E) (1975) ("[A] personal representative . . . has the same standing to sue and be sued . . . as his decedent had immediately prior to death."); Rule 1-025(A) NMRA ("If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties."). It is clear there is an inherent conflict of interest in having Wife serve as personal representative of Husband's estate. As personal representative, Wife would be obligated to represent Husband, who is the opposing party in their divorce proceedings. Wife cannot adequately represent the adverse interests of Husband while contemporaneously protecting her own interests. Moreover, Wife's repeated efforts to dismiss the pending divorce proceedings filed by Husband exemplify the inherent conflict in this case. To ignore this inherent conflict would result in an absurdity. Therefore, the district court erred by

appointing Wife as personal representative of Husband's estate since the pending divorce proceedings must continue.

**{8}** Wife counters that regardless of the pending divorce proceedings, the district court was correct in appointing her as personal representative of Husband's estate pursuant to NMSA 1978, Section 45-3-203(A)(1) (1975). Section 45-3-203(A)(1) provides that "a person nominated by a power conferred in a will" has priority for appointment as personal representative. Wife contends that the Will was not revoked when Husband filed the petition for divorce and thus the district court was required, as a matter of law, to appoint her as personal representative of Husband's estate. It is premature at this stage of the probate proceedings to address Wife's argument regarding the validity of Husband's Will. The outcome of the pending divorce proceedings will determine whether the Husband's Will is valid and whether Wife is eligible for appointment as personal representative of Husband's estate. Once Wife's status as a surviving spouse has been determined in the divorce proceedings, the district court will then apply the Probate Code to administer Husband's estate. The following summary judgment analysis will clarify this issue in more detail.

**Summary Judgment**

**{9}** We must address whether the district court erred when it granted Wife's motion for partial summary judgment, admitted the Will to probate, and validated the Trust. Our recent decision in *Karpien* highlighted the interrelationship between Section 40-4-20(B) and the Probate Code. We must now review these additional issues of statutory construction de novo. *See Karpien,* 2009-NMCA-043, ¶ 3. This case is procedurally unique from *Karpien*. Based on Wife's motion to dismiss, it remains unclear whether the divorce proceeding will ultimately continue to conclusion. Consistent with the district court's rulings, we will analyze the Probate Code issues under the assumption that the divorce proceedings will continue pursuant to Section 40-4-20(B).

**{10}** In *Karpien*, we evaluated the relationship between Section 40-4-20(B) and the Probate Code, and we were able to harmonize the statutes so that each provision was given effect. *Karpien*, 2009-NMCA-043, ¶¶ 4-12, 18 ("We have an obligation to read and construe 'statutes [that] appear to conflict, . . . if possible, to give effect to each.'" (alterations in original) (quoting NMSA 1978, § 12-2A-10(A) (1997))). Section 40-4-20(B) requires that "marital property rights and debts shall not abate and shall be concluded as if both parties had survived." *Karpien*, 2009-NMCA-043, ¶ 9 (internal quotation marks omitted). As a result of the conclusion of the divorce proceedings and the entry of a judgment or decree terminating all property rights pursuant to Section 40-4-20(B), we determined that the husband was "precluded from being considered a 'surviving spouse' for purposes of inheritance or allowances under probate law." *Karpien*, 2009-NMCA-043, ¶ 10 (construing the definition of a surviving spouse under NMSA 1978, Section 45-2-802(B)(3) (1995)). As a result, the husband was not a surviving spouse and could not inherit from the wife under the Probate Code. This Court refused to "interpret the relevant [provisions of the Probate Code] to effectively repeal the provisions of Section 40-4-20(B)." *Karpien*, 2009-NMCA-043, ¶ 11.

4

**{11}** The present case requires us to expand upon the analysis set forth in *Karpien* and to address how previously executed governing instruments, specifically the Will and Trust, are affected by the entry of a judgment or decree terminating all property rights pursuant to Section 40-4-20(B). *See N.M. Mining Ass'n v. N.M. Water Quality Control Comm'n,* 2007-NMCA-010, ¶ 12, 141 N.M. 41, 150 P.3d 991(filed 2006), (stating that statutes must be read in pari materia so as to "facilitate[] the operation of the statute[s] and the achievement of [their] goals"). In determining how to proceed when a party to a pending divorce dies testate, we must analyze NMSA 1978, Section 45-2-804 (1995), which controls the effect of a divorce upon any previously executed governing instruments. *See* § 45-2-804(A)(4) (defining a governing instrument as an "instrument executed by the divorced individual before the divorce or annulment of his marriage to his former spouse"). In addition, NMSA 1978, Section 45-2-508 (1993) recognizes that the change of circumstances set forth in Section 45-2-804 are sufficient to revoke a will or any part of it. The district court accepted Wife's argument that only a final decree of divorce meets the required definition to revoke a governing instrument under the Probate Code. The district court concluded that because a judgment or decree dividing marital property and debts entered pursuant to Section 40-4-20(B) did not amount to a "decree of divorce" it did not affect the surviving party's right to property pursuant to a probated will. We disagree with this interpretation of the Probate Code. A judgment or decree terminating all property rights pursuant to Section 40-4-20(B) meets the definition of a divorce pursuant to Section 45-2-804(A)(2) and is sufficient to revoke governing estate planning instruments pursuant to Section 45-2-804(B)(1)(a).

**{12}** Divorce or annulment under Section 45-2-804(A)(2) is defined as "any divorce or annulment or any dissolution or declaration of invalidity of a marriage *that would exclude the spouse as a surviving spouse [under] Section 45-2-802*[.]" (Emphasis added.) Pursuant to Section 45-2-802(B)(3), "an individual who was a party to a valid proceeding concluded by an order purporting to terminate all marital property rights, including a property division judgment entered *pursuant to the provisions of Section 40-4-20*" does not constitute a surviving spouse. (Emphasis added.) Thus, a judgment or decree issued pursuant to Section 40-4-20(B) excludes the surviving party from being defined as a surviving spouse under Section 45-2-802. *See Karpien*, 2009-NMCA-043, ¶ 10. The determination that a party is not a surviving spouse is then applied pursuant to Section 45-2-804(A)(2) to define the term "divorce." The Section 40-4-20(B) proceeding ultimately determines whether the parties are defined to be divorced under Section 45-2-804. Consequently, a surviving wife in a divorce proceeding would be precluded from receiving any distribution as a surviving spouse under the deceased husband's governing instruments.

**{13}** Under Section 45-2-802(B)(3), Wife will be precluded as a surviving spouse if there is a judgment or decree entered that terminates all marital property rights pursuant to Section 40-4-20(B). In addition, such a judgment or decree would serve to revoke all governing instruments pursuant to Section 45-2-804(B)(1)(a). If Husband's Will and Trust are revoked, Wife will have no interest in Husband's estate as a surviving spouse. Based on the facts of this case, the district court erred by prematurely adjudicating the validity of the Will and Trust and by prematurely admitting the Will to probate prior to the completion of the pending divorce proceedings.

5

**{14}** Wife presents other arguments as to why we should affirm the district court's decision to admit the Will to probate and to appoint her as personal representative of Husband's estate. Relying on our Supreme Court's decision in *Romine v. Romine*, 100 N.M. 403, 671 P.2d 651 (1983), Wife argues that the pending divorce proceedings should be dismissed because Husband's death dissolved the marital relationship and stripped the district court of jurisdiction to terminate the marriage. Wife's reliance on *Romine* is misplaced. In *Romine,* our Supreme Court held that "the [husband's] death dissolved the marital relationship, rendering the questions presented in [the wife's] suit moot[,] . . . leaving the court without jurisdiction." *Id.* at 404, 671 P.2d at 652. The determination in *Romine* was consistent with the recognized common-law rule that death effectuated an abatement of the divorce proceedings. In 1993, "[t]he New Mexico Legislature . . . made a clear break from the majority of jurisdictions by enacting Section 40-4-20(B)." *Karpien*, 2009-NMCA-043, ¶ 7. Therefore, *Romine* has been superseded by the Legislature's enactment of Section 40-4-20(B), which now requires that the divorce proceedings continue to conclusion "as if both parties had survived." *See Karpien*, 2009-NMCA-043, ¶ 5. We further reject Wife's remaining arguments because they are contrary to the legislative intent that divorce proceedings continue to their conclusion under Section 40-4-20(B) and contradict our holding in *Karpien*.

**CONCLUSION**

**{15}** Based on the inherent conflict that exists if Wife serves as personal representative of Husband's estate, we reverse the appointment of Wife as personal representative of Husband's estate and remand to the district court to appoint a substitute personal representative or other administrator to complete the pending divorce proceedings. We further reverse the district court's premature decision to grant Wife's motion for partial summary judgment, to admit the Will to probate, and to validate the Trust.

**{16}   IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**RODERICK T. KENNEDY, Judge**

**Topic Index for *Oldham v. Oldham*, No. 28,493**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-RM | Remand |

6

**CP**                      **CIVIL PROCEDURE**
CP-SJ              Summary Judgment

**DR**                      **DOMESTIC RELATIONS**
DR-DM          Dissolution of Marriage

**WL**                      **WILLS, TRUSTS AND PROBATE**
WL-AE          Administration of Estate
WL-CM         Competence
WL-HR         Heir
WL-PR          Personal Representative
WL-PL          Probate Law, General
WL-WC         Will Contest