This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. 31,281**

**ANTHONY OVEIDE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Sri Mullis, Assistant Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant Anthony Oveide, a four-time DWI offender, appeals from the district court's April 5, 2011 order revoking his probation and sentencing him to a term of imprisonment and a new five-year term of probation. On January 17, 2012, we issued a notice assigning this case to the general calendar pursuant to Rule 12-210(B) NMRA, recognizing that Defendant appeared to raise a question of first impression regarding the legality of his term of probation. On February 29, 2012, Defendant admitted to violating certain conditions of his probation and the district court resentenced him to a term of imprisonment and unsatisfactorily discharged him from probation. We dismiss this appeal as moot.

**BACKGROUND**

On May 3, 2010, Defendant pled guilty to aggravated driving while under the influence of intoxicating liquor or drugs (.16 or above) (fourth offense) and driving while license suspended or revoked. Pursuant to an amended judgment and sentence, the district court sentenced Defendant to 189 days incarceration and suspended the remainder of the sentence (1 year and 357 days) subject to supervised probation. Defendant's probation began on August 11, 2010.

On March 1, 2011, Defendant was incarcerated for violating the conditions of his probation. The State filed a petition to revoke Defendant's probation on March 18, 2011. On April 5, 2011, the district court held a hearing at which Defendant admitted to violating certain conditions of probation. The district court revoked

Defendant's probation and sentenced him to a term of 2 years and 181 days incarceration. The district court ordered that Defendant serve 225 days in custody and suspended the remainder of the sentence. The district court ordered Defendant be placed on supervised probation for a period of five years following his release from custody. Defense counsel asked the district court to credit Defendant with the period of time he had already served on probation (approximately seven months). After holding a bench conference at which the parties offered varying interpretations of the relevant statutes, the district court declined to reduce Defendant's probationary term. Defendant was released to probation on September 7, 2011.

Defendant filed a notice of appeal on April 29, 2011, and this case was assigned to the general calendar on January 17, 2012. On February 1, 2012, Defendant was again incarcerated for violating the conditions of his probation. The State filed a petition to revoke Defendant's probation on February 10, 2012. On February 29, 2012, the district court held a hearing at which Defendant admitted to violating certain conditions of probation. The district court revoked Defendant's probation and sentenced him to a term of 2 years and 181 days imprisonment, reduced to a term of nine months accounting for time served and pursuant to an agreement between the parties. The district court ordered that upon release from custody, Defendant "shall be and hereby is unsatisfactorily discharged from the term of probation." The district

3

court denied Defendant's motion for reconsideration of sentence. Defendant has now served his sentence in its entirety and has been discharged from probation.

**MOOTNESS**

NMSA 1978, Section 66-8-102(T) (2010), states, in pertinent part:

> [N]otwithstanding any provision of law to the contrary, if [a DWI] offender's sentence was suspended or deferred in whole or in part and the offender violates any condition of probation, the court may impose any sentence that the court could have originally imposed and credit shall not be given for time served by the offender on probation.

NMSA 1978, Section 31-20-5(A) (2003) states, in pertinent part:

> When a person has been convicted of a crime for which a sentence of imprisonment is authorized and when the . . . district court has deferred or suspended sentence, it shall order the defendant to be placed on probation . . . . Except for sex offenders . . . , the total period of probation for district court shall not exceed five years.

Defendant contends Section 66-8-102(T) must be interpreted to bar credit toward imposition of suspended prison or jail time, but to permit credit toward a new term of probation. He argues that a contrary interpretation could result in a sentence that violates the five-year cap contained in Section 31-20-5(A) and could subject a defendant to probation "that could extend into perpetuity." Based on his interpretation of Section 66-8-102(T), he argues the sentence the district court imposed on April 5, 2011 was illegal. The State contends Defendant's sentence was not illegal because the five-year cap contained in Section 31-20-5(A) does not apply to post-revocation

4

terms of probation imposed pursuant to Section 66-8-102(T).

Before considering the merits, we must address the State's argument that this appeal is moot. "An appeal is moot when no actual controversy exists, and an appellate ruling will not grant the appellant any actual relief." *State v. Sergio B.*, 2002-NMCA-070, ¶ 9, 132 N.M. 375, 48 P.3d 764. No actual controversy exists here because Defendant has completed his sentence in its entirety and has been discharged from probation. Defendant was on probation for less than thirteen months, well under the five-year statutory cap, and does not allege he will suffer any adverse collateral consequences on account of the length of his probationary term. Accordingly, we agree with the State that this appeal is moot. *See State v. Wilson*, 2005-NMCA-130, ¶ 14, 138 N.M. 551, 123 P.3d 784 (stating that an appeal is moot when the defendant has served his full sentence and cannot prove the existence of collateral consequences); *see generally State v. Julia S.*, 104 N.M. 222, 224, 719 P.2d 449, 451 (Ct. App. 1986) (observing that normally a case is rendered moot when the sentence has been served).

"As a general rule, appellate courts should not decide moot cases." *Sergio B.*, 2002-NMCA-070, ¶ 9. Our Supreme Court has remarked that "[i]t is not a function of [our appellate courts] to give opinions on merely abstract or theoretical matters, but to settle actual controversies affecting the rights of the parties." *State ex rel. N.M.*

*Press Ass'n v. Kaufman*, 98 N.M. 261, 266, 648 P.2d 300, 305 (1982). Notwithstanding this general rule, we "may review moot cases that present issues of substantial public interest or which are capable of repetition yet evade review." *Gunaji v. Macias*, 2001-NMSC-028, ¶ 10, 130 N.M. 734, 31 P.3d 1008.

Defendant, a DWI offender, claims the five-year term of probation imposed by the court after revoking his original probation was illegal because it exceeded the five-year cap set forth at Section 31-20-5(A). This is not an issue of substantial public interest; it is a narrow question of statutory interpretation involving a small group of DWI offenders. *Cf. Republican Party of N.M. v. N.M. Taxation & Revenue Dep't*, 2012-NMSC-026, ¶ 10, 283 P.3d 853 (deciding moot issue involving scope of executive privilege); *State v. Jones*, 1998-NMCA-076, ¶ 15, 125 N.M. 556, 964 P.2d 117 (deciding moot issue involving standard notice form used by police officers).

Nor does this case present an issue that is capable of repetition yet evades review. But for Defendant's violation of the conditions of his probation, we would have ample time to consider the merits of his argument. Defendant began serving his probation on September 7, 2011 and should have remained on probation through September 2016. This is not a scenario in which the sentence being appealed from would generally expire before a full appeal could be taken. *Cf. State ex rel. Children,*

*Youth & Families Dep't v. Amanda H.*, 2007-NMCA-029, ¶¶ 1, 16, 141 N.M. 299, 154 P.3d 674 (deciding case involving mother's appeal from a neglect adjudication noting "many district court cases would involve short-term commitments of less than a year, which would expire before a full appeal could be taken"); *Wilson*, 2005-NMCA-130, ¶¶ 1, 14, 15 (deciding case involving defendant's challenge to district court's ruling even though he had served his sentence because defendant, and others in his position, will likely have served their entire sentences by the time their appeals are heard).

**CONCLUSION**

Because this appeal is moot and does not present an issue of substantial public interest or which is capable of repetition yet evades review, we decline to exercise our discretion to decide it. *See Republican Party of N.M.*, 2012-NMSC-026, ¶ 10 (noting our review of moot cases "is discretionary"). We thus dismiss for lack of jurisdiction. *See Romine v. Romine*, 100 N.M. 403, 404, 671 P.2d 651, 652 (1983) ("An action is properly dismissed if the issues therein become moot, leaving the court without jurisdiction.").

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

7

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**MICHAEL E. VIGIL, Judge**