This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39300**

**MICKEY BIRDSALL,**

      Petitioner-Appellant,

v.

**LORRI C. JOHNSON MORALES,**
**as Personal Representative of the**
**ESTATE OF WYNONA BETH**
**JOHNSON BIRDSALL, Deceased,**

      Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Ellen R. Jessen, District Judge**

Mickey Birdsall
Ruidoso, NM

Pro Se Appellant

Stephen E. Doerr
Portales, NM

for Appellee

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}**    Petitioner Mickey Birdsall (Husband) appeals from the district court's final decree of dissolution of marriage. In this Court's notice of proposed disposition, we proposed to summarily affirm. Husband filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**    Initially, we note that Husband appears to seek to amend his docketing statement to add an issue concerning medical, doctor, and hospital reports. [MIO PDF 3] Husband

does not elaborate on this issue, explaining only that he did not raise the matter in the docketing statement because "[i]t would be like writing a book[.]" [MIO PDF 3] We deny the motion to amend the docketing statement on the basis that Husband has not provided any facts material to consideration of the issue or shown that the issue is viable. *See State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309 (discussing requirements for amending a docketing statement, including that the appellant must state all facts material to a consideration of the issue sought to be raised).

{3}     We additionally note that Husband's memorandum in opposition contains several exhibits, including documents Husband asserts were not presented to the district court. [MIO PDF 2, 10-18] We do not consider these documents because "[m]atters outside the record present no issue for review." *Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482 (internal quotation marks and citation omitted); *see also Durham v. Guest*, 2009-NMSC-007, ¶ 10, 145 N.M. 694, 204 P.3d 19 (noting that the "reference to facts not before the district court and not in the record is inappropriate and a violation of our Rules of Appellate Procedure").

{4}     Husband contends that he did not approve the stipulated order to substitute party. [MIO PDF 2] However, the order was signed on Husband's behalf, by the attorney who represented him at the time. [MIO PDF 2, 5] *See, e.g., Marchman v. NCNB Texas Nat'l Bank*, 1995-NMSC-041, ¶ 56, 120 N.M. 74, 898 P.2d 709 (discussing the agency nature of the attorney-client relationship and explaining that "[t]he clients are principals, the attorney is an agent, and under the law of agency the principal is bound by his chosen agent's deeds" (internal quotation marks and citation omitted)). To the extent Husband takes issue with this and other actions of his former attorney [MIO PDF 2, 6], we note that such matters were not addressed by the district court in this case and are therefore inappropriate for our review. *See Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."); *Kepler*, 1995-NMSC-035, ¶ 13 ("Matters outside the record present no issue for review." (internal quotation marks and citation omitted)).

{5}     Husband additionally appears to argue that pursuant to *Romine v. Romine*, 1983-NMSC-086, 100 N.M. 403, 671 P.2d 651, the divorce action should have been dismissed following Wife's death. [MIO PDF 2, 7-9] However, as we explained in the calendar notice, NMSA 1978, Section 40-4-20(B) (1993), is clear that upon the death of a party in a divorce action, "the proceedings for the determination, division and distribution of marital property rights and debts, . . . shall conclude . . . as if both parties had survived." [CN 3-4] Husband has not otherwise asserted any facts, law, or argument in his memorandum in opposition that persuades this Court that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see*

*also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{6}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{7}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMMARA H. HENDERSON, Judge**